# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **JIMMY L. LEFEVRE,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| v. | Case No. 2:13-cv-602-PMW |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | |
| **Defendant.** | **Magistrate Judge Paul M. Warner** |

Before the court is Jimmy L. LeFevre's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id.* §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

## BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. In 2010, Plaintiff applied for DIB and SSI, alleging disability beginning on July 24, 2007.[1] Plaintiff's application was denied initially and upon reconsideration.[2] On November 4, 2010, Plaintiff

---

[1] *See* docket no. 10, Administrative Record ("Tr. ___") 142-152.

[2] *See* Tr. 81-84.

requested a hearing before an Administrative Law Judge ("ALJ"),[3] and that hearing was held on April 17, 2012.[4] On May 11, 2012, the ALJ issued a written decision denying Plaintiff's claim for DIB and SSI.[5] On June 13, 2013, the Appeals Council denied Plaintiff's request for review,[6] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On July 1, 2013, Plaintiff filed his complaint in this case, which was assigned to District Judge David Nuffer.[7] On July 10, 2013, Judge Nuffer referred the case to Magistrate Judge Paul M. Warner under 28 U.S.C. § 636(b)(1)(B).[8] The Commissioner filed her answer and the Administrative Record on September 3, 2013.[9]

On October 3, 2013, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[10] Consequently, the case was reassigned to

---

[3] *See* Tr. 101-102.

[4] *See* Tr. 37-80.

[5] *See* Tr. 18-36.

[6] *See* Tr. 1-8.

[7] *See* docket no. 3.

[8] *See* docket no. 7.

[9] *See* docket nos. 8, 10.

[10] *See* docket nos. 14-15.

Magistrate Judge Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[11]  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

Plaintiff filed his opening brief on October 4, 2013.[12]  The Commissioner filed her answer brief on November 8, 2013.[13]  Plaintiff filed his reply brief on November 18, 2013.[14]

## **STANDARD OF REVIEW**

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance."  *Lax*, 489 F.3d at 1084 (quotations and citation omitted).  "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."  *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).  "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."  *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

---

[11] *See id*.

[12] *See* docket no. 16.

[13] *See* docket no. 17.

[14] *See* docket no. 18.

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the

4

claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of his claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred: (1) in his evaluation of the opinions of Plaintiff's treating physician, Dr. Craig McCune ("Dr. McCune"); (2) by concluding that Plaintiff's impairments did not meet or equal section 1.04C of Appendix 1 of the relevant regulations (individually, a "listing" and collectively, the "listings"), *see* 20 C.F.R. § 404, Subpart P, Appendix 1, listing 1.04C; and (3) in his assessment of Plaintiff's RFC. The court will address those arguments in turn.

### I. Dr. McCune

Plaintiff first argues that the ALJ erred his evaluation of the opinions of Dr. McCune.

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight. To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is

5

complete. If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.

Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. §§ 404.1527 and 416.927]. Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight. If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c).

An ALJ is not required to discuss every factor set forth in the relevant regulations. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review"). As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies *See,*

*e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

In this case, the ALJ relied upon proper factors to support the conclusion that Dr. McCune's opinions were entitled to little weight. The ALJ properly relied upon the fact that Dr. McCune's opinions were not supported by and were inconsistent with the objective medical evidence in the record. *See* 20 C.F.R. §§ 404.1527(c)(3)-(4), 416.927(c)(3)-(4). The ALJ also properly relied upon the fact that Dr. McCune's opinions were not supported by any treatment notes. *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). Further, the ALJ properly relied upon the fact that Dr. McCune's opinions were based to an inappropriate degree on Plaintiff's subjective complaints. *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3); *see also White v. Barnhart*, 287 F.3d 903, 907 (10th Cir. 2002) (concluding that the ALJ reasonably discounted the claimant's treating physician's opinions because they rested heavily on the claimant's subjective complaints as opposed to objective medical evidence). The ALJ also properly relied upon the fact that Dr. McCune's opinions went to issues reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(1)-(3), 416.927(d)(1)-(3). Finally, the ALJ properly relied upon the fact that Dr. McCune's notes showed that Plaintiff's lower-extremity pain was in his left leg, while the record demonstrated that his complaints had been primarily about his right leg. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).

Plaintiff specifically takes issue with two of the reasons the ALJ cited for according Dr. McCune's opinions little weight. First, Plaintiff argues that Dr. McCune's opinions are consistent with the medical record. Second, Plaintiff argues that the inconsistency noted above concerning Plaintiff's lower-extremity pain does not accurately reflect the record. Those

7

arguments fail because, in the court's view, they are nothing more than an attempt to reargue the weight of the evidence before the ALJ, which is a futile tactic on appeal. It is not this court's role to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham*, 509 F.3d at 1257 (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)).

Furthermore, even if the court were to agree with Plaintiff's two arguments, the court would nevertheless conclude that the other reasons cited by the ALJ are sufficient to uphold his determination that Dr. McCune's opinions were entitled to little weight. Put another way, Plaintiff has failed to demonstrate reversible error. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *see also Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005) (recognizing applicability of harmless error analysis in Social Security context).

For these reasons, the court concludes that the ALJ did not err in his evaluation of the opinions of Dr. McCune.

## II. Listing 1.04C

Plaintiff argues that the ALJ erred by concluding that Plaintiff's impairments did not meet or equal listing 1.04C. As indicated above, step three "determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20

C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At step three, a claimant has the "burden to present evidence establishing [his] impairments meet or equal listed impairments." *Fischer-Ross*, 431 F.3d at 733. In order to satisfy this burden, a claimant must establish that his impairment "meet[s] all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). "To show that an impairment or combination of impairments meets the requirements of a listing, a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment." *Lax*, 489 F.3d at 1085; *see also* 20 C.F.R. §§ 404.1525, 416.925.

In this case, it is undisputed that the ALJ failed to specifically discuss listing 1.04C in his decision. That arguably was an error. *See, e.g., Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). However,

> [a] step three error, such as the one in this case, does not automatically require remand. Instead, [the court] must consider whether "confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review." If such findings "conclusively preclude [c]laimant's qualification under the listings at step three" such that "no reasonable factfinder could conclude otherwise," then any step three error is harmless. If, however, there are no findings that "conclusively negate the possibility" that a claimant can meet a relevant listing, [the court] must remand to the ALJ for further findings . . . .

*Murdock v. Astrue*, 458 Fed. App'x 702, 703-04 (10th Cir. 2012) (quoting *Fischer-Ross*, 431 F.3d at 734-35).

Listing 1.04C requires a claimant to demonstrate "[l]umbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging,

manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively." 20 C.F.R. § 404, Subpart P, Appendix 1, listing 1.04C. As noted above, a claimant must demonstrate that his impairments meet *all* of those criteria. *See Sullivan*, 493 U.S. 521 at 530. As such, Plaintiff was required to demonstrate, among other things, that his impairments resulted in an inability to ambulate effectively. *See* 20 C.F.R. § 404, Subpart P, Appendix 1, listing 1.04C; *see also* 20 C.F.R. § 404, Subpart P, Appendix 1, listing 1.00B.2.b(2).

On appeal, the only evidence Plaintiff points to concerning his inability to ambulate effectively are the opinions of Dr. McCune, but the court has already concluded that the ALJ did not err by according Dr. McCune's opinions little weight. Furthermore, the ALJ found that Plaintiff had the ability to perform the full range of light work, which includes the ability to stand or walk approximately six hours a day. *See* Social Security Ruling 83-10; *see also* 20 C.F.R. §§ 404.1567(b), 416.967(b). That finding is consistent with the ability to ambulate effectively, *see* 20 C.F.R. § 404, Subpart P, Appendix 1, listing 1.00B.2.b(2), and because Plaintiff has not challenged that finding, he has waived his right to do so. *See, e.g.*, *Madron v. Astrue*, 311 Fed. App'x 170, 174 n.4 (10th Cir. 2009) (noting that a party's failure to raise an issue in an opening brief results in waiver of that issue); *Argyle v. Astrue*, No. 2:10-cv-947-DBP, 2012 U.S. Dist. LEXIS 138531, at *17-18 (D. Utah Sept. 25, 2012).

For these reasons, the court concludes that any error the ALJ committed at step three with respect to listing 1.04C was rendered harmless by another unchallenged finding contained in the ALJ's decision. *See Fischer-Ross*, 431 F.3d at 734-35; *see also Murdock*, 458 Fed. App'x at 703-04. Therefore, the court concludes that Plaintiff's argument on this point fails.

## III. RFC

In this case, after assessing Plaintiff's RFC, the ALJ concluded at step four that Plaintiff could return to his past relevant work. In the alternative, the ALJ concluded at step five that Plaintiff had the RFC to perform other jobs in significant numbers in the national economy.

Plaintiff argues that the ALJ erred by failing to consider Plaintiff's non-severe mental impairments when assessing Plaintiff's RFC. Pursuant to Social Security Ruling ("SSR") 96-8p, when assessing a claimant's RFC, an ALJ must consider all of the claimant's impairments, regardless of whether they are considered severe or non-severe. *See* SSR 96-8p.

It is clear that the ALJ considered Plaintiff's mental impairments when he determined that they were mild in nature and then concluded that they were non-severe. However, it is likewise clear that the ALJ did not include any specific limitations for Plaintiff's mental impairments in the RFC assessment. The court concludes that the ALJ's failure in that regard constitutes harmless error. *See Shinseki*, 556 U.S. at 409; *Fischer-Ross*, 431 F.3d at 733-34.

In his opening brief, Plaintiff makes the conclusory argument that even mild mental impairments would preclude him from perform his past relevant work. However, Plaintiff presents no arguments concerning how mild mental impairments might preclude him from performing the other jobs identified by the ALJ. By failing to raise any arguments on that point in his opening brief, Plaintiff has waived them. *See, e.g., Madron*, 311 Fed. App'x at 174 n.4; *Argyle*, 2012 U.S. Dist. LEXIS 138531, at *17-18.

As noted above, after concluding that Plaintiff could return to his past relevant work at step four, the ALJ reached the alternative conclusion at step five that Plaintiff had the RFC to perform other jobs in significant numbers in the national economy. Because Plaintiff has failed

to demonstrate how the ALJ's error to include any limitations for Plaintiff's mental impairments in the RFC assessment would affect that alternative conclusion, the court has determined that any error committed by the ALJ at step four was harmless. *See Murrell v. Shalala*, 43 F.3d 1388, 1389-90 (10th Cir. 1994) (affirming step-five finding despite alleged errors at step four); *see also Best-Willie v. Colvin*, 514 Fed. App'x 728, 738 (10th Cir. 2013) (unpublished). For that reason, the court concludes that Plaintiff's argument on this issue fails.

## **CONCLUSION AND ORDER**

Based on the foregoing, the court concludes that all of Plaintiff's arguments fail. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 1st day of July, 2014.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge